UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SILEONI,<br><br>                Petitioner,<br><br>vs.<br><br>DAVID,<br><br>                Respondent. | Case No. 1:21-cv-000283-CWD<br><br>**INITIAL REVIEW ORDER AND REASSIGNMENT ORDER** |

      Petitioner Maximiliano Sileoni filed a Petition for Writ of Habeas Corpus asserting that he should not have to be imprisoned past the determinate portion of his sentence. He is now serving the indeterminate portion of his sentence. He also asserts that prison officials have calculated his sentence to be 21 years—one year beyond his 20-year unified sentence.

      The Court has reviewed the Petition and has preliminarily determined that it fails to state a claim upon which relief can be granted and should be dismissed, pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing § 2254 Cases. Because not all parties have consented to the jurisdiction of a United States Magistrate Judge to enter final orders in this case, it will be reassigned to the United States District Judge.

**INITIAL REVIEW ORDER AND REASSIGNMENT ORDER - 1**

## REVIEW OF PETITION

1. **Standard of Law**

Federal habeas corpus relief under 28 U.S.C. § 2254 is available to petitioners who show that they are held in custody under a state court judgment and that such custody violates the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 2254(a). The Court is required to review a habeas corpus petition upon receipt to determine whether it is subject to summary dismissal. *See* Rule 4 of the Rules Governing Section 2254 Cases. Summary dismissal is appropriate where "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *Id*.

2. **Background**

In 2011, Petitioner pleaded guilty to and was convicted of battery with possession of a deadly weapon in a criminal case brought in the Third Judicial District Court in Canyon County, Idaho. He was sentenced to prison for 10 years fixed, with 10 years indeterminate—which meant that he may or may not be released on parole during the indeterminate portion of his sentence. He committed another crime in 2017 for which he is serving a concurrent sentence. The Petition does not include claims based on that conviction.

When Petitioner finished his 10-year fixed term in October 2018, the Idaho Commission of Pardons and Parole (ICPP) considered and denied his request for parole and his request to be deported to Argentina. Instead, Petitioner alleges, because of the

disciplinary offenses he accrued during his prison sentence, the ICPP said that he would have to serve 11 more years in prison, for a total of 21 years.

Petitioner then appealed the following claim to the Idaho Supreme Court: "I already done my 10 year fix time, and I'm being held on 10 year's indeterminate time." (Dkt. 1, p. 2 (verbatim).) The appeal was dismissed on September 19, 2020. (*Id.*)

In his Petition for Writ of Habeas Corpus, Petitioner asserts a Fifth Amendment right to an immigration hearing to be deported. Petitioner also claims that his Eighth Amendment rights are being violated because he is "being punished excessively" due to "the carelessness" of the ICPP. He states that he has done enough time for the crime he committed, and he should not be held in prison because of his prison disciplinary offense history. He also asserts that the ICPP told him he would be held for more than 20 years. (Dkt. 1.)

### 3. Discussion of Fifth Amendment Claim that Petitioner Has a Right to Be Deported

Petitioner asserts that he has a right to be deported to his country of origin, Argentina, instead of serving the indeterminate portion of his sentence. The Court knows of no right of a convicted, imprisoned felon to be deported. *Cf. United States v. Velasquez*, 930 F.Supp. 1267, 1268 (N.D. Ill. 1996)(federal statute context)("The decision to deport an alien who is ... currently incarcerated is left to the sole and unfettered discretion of the Attorney General."). This claim appears subject to dismissal for failure to state a claim upon which relief can be granted.

**INITIAL REVIEW ORDER AND REASSIGNMENT ORDER - 3**

### 4. Discussion of Eighth Amendment Claim that Petitioner Was Not Released after Serving Determinate Portion of Sentence

Petitioner has identified no basis for his assertion of a right to be released before serving his entire sentence. Under Idaho's Unified Sentencing Act, the trial court may order (1) a fixed prison term sentence *or* (2)(a) a minimum period of confinement during which the defendant is not eligible for parole and 2(b) an indeterminate period of confinement to be served if a convicted felon is not released on parole. Idaho Code § 19-2513(1). Together, the unified sentence cannot exceed the maximum statutory punishment for the crime. *Id*. During his appellate case, Petitioner acknowledged that his 2011 sentence was within statutory limits. *See State v. Sileoni*, 2012 WL 9495958, at *2 (Idaho Ct. App. Oct. 3, 2012).

There is no United States Supreme Court precedent supporting Petitioner's argument. In *Hutto v. Davis*, 454 U.S. 370, 372 (1982), the Supreme Court noted that it had "never found a sentence for a term of years within the limits authorized by statute to be, by itself, a cruel and unusual punishment." The United States Supreme Court has upheld the constitutionality of indeterminate life sentences with the possibility of parole after a fixed time period. *Lockyer v. Andrade*, 538 U.S. 63, 74 (2003); *Ewing v. California*, 538 U.S. 11, 3 (2003).

As to release on parole, the United States Supreme Court has made it clear that there is "no right under the Federal Constitution to be conditionally released before the expiration of a valid sentence, and the States are under no duty to offer parole to their

**INITIAL REVIEW ORDER AND REASSIGNMENT ORDER - 4**

prisoners." *See Swarthout v. Cooke,* 562 U.S. 216, 220 (2011); *Board of Pardons v. Allen*, 482 U.S. 369, 380-81 (1987).[1]

No violation of the Eighth Amendment occurs merely because a convicted felon is deemed unsuitable for release on parole. *See Harris v. Long*, 2012 WL 2061698, at *8 (C.D. Cal. May 10, 2012)(relying on *Greenholtz v. Inmates of Neb. Penal and Correctional Complex*, 442 U.S. 1, 7 (1979)); *see Prellwitz v. Sisto*, 2012 WL 1594153, at *6 (E.D. Cal. May 4, 2012) (holding that "[w]hile Plaintiff might have hoped or expected to be released sooner, the Board's decision to deny him a parole release date has not enhanced his punishment or sentence."); *see also Rosales v. Carey*, 2011 WL 3319576, at *8 (E.D. Cal. Aug. 1, 2011) ("[T]he Ninth Circuit has said that any emotional trauma from dashed expectations concerning parole 'does not offend the standards of decency in modern society.'")(quoting *Baumann v. Arizona Dept' of Corrections*, 754 F.2d 841 (9th Cir. 1985)).

For all of these reasons, Petitioner has failed to state a federal claim upon which relief can be granted under his first Eighth Amendment theory.

5. **Discussion of Eighth Amendment Claim that Petitioner's Sentence End Date has been Miscalculated**

Petitioner's second Eighth Amendment theory concerns his full-term release date. The IDOC website shows that Petitioner is serving two sentences: a 2017 Ada County sentence for assault/battery on certain personnel, with a satisfaction date of February 6,

---

[1] Further, in Idaho "parole is not an automatic right or liberty interest," *Banks v. State of Idaho*, 920 P.2d 905, 908 (Idaho 1996), foreclosing Petitioner' ability to bring a due process claim.

**INITIAL REVIEW ORDER AND REASSIGNMENT ORDER - 5**

2031; and a 2011 Canyon County sentence for battery with intent to commit rape, with a sentence satisfaction date of February 6, 2030.[2] Because neither date is near, Petitioner's claim that he is going to be held past his full-term release date is premature. *See James v. Walsh*, 308 F.3d 162, 168 (2d Cir. 2002) (successive petition context) ("James could not have argued that he was in custody in violation of laws of the United States before the time when, according to his calculations, he should have been released."). Accordingly, construed in this manner, Petitioner's second Eighth Amendment claim is not ripe and appears subject to dismissal without prejudice.

If one or both of these satisfaction dates has been miscalculated, Petitioner should seek a resolution with IDOC officials. That is Petitioner's present remedy. A remedy in federal habeas corpus does not arise until a person is held past his full-term release date and cannot be heard until after a person has exhausted state court remedies. A sentencing calculation question that is not yet ripe in federal court is, however, a ripe state law question that should be resolved in the prison administrative system, and then, if necessary, in the state court system.

6. **Conclusion**

Petitioner's claims appear subject to dismissal for the specific reasons cited above. Petitioner may file a response of no more than 15 pages to this Order, or he may file a notice of voluntary dismissal. Nothing further shall be filed in this case until the district court reviews Petitioner's response to this Order.

---

[2] See https://www.idoc.idaho.gov/content/prisons/offender_search/detail/98822.

**INITIAL REVIEW ORDER AND REASSIGNMENT ORDER - 6**

## ORDER

**IT IS ORDERED:**

1. Petitioner's Application for in Forma Pauperis Status (Dkt. 4) is GRANTED.

2. No later than **21 days** after entry of this Order, Petitioner shall file either a response to this Order of no more than 15 pages or a notice of voluntary dismissal. Nothing further shall be filed in this case until the district court reviews Petitioner's response to this Order.

3. The Clerk of Court shall reassign this case to a United States District Judge by random case assignment.

DATED: December 22, 2021

_____
Honorable Candy W. Dale
Chief U.S. Magistrate Judge

**INITIAL REVIEW ORDER AND REASSIGNMENT ORDER - 7**